IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SKEETER RAY EVANS,

      Plaintiff,                    No. CIV S-11-1247 EFB P

      vs.

HIGH DESERT STATE PRISON,

      Defendant.                ORDER

_____/

      Plaintiff, an inmate confined to the Shasta County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has various letters and/or "supplements" to the complaint, along with an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Plaintiff's application for leave to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. Nos. 10, 17. Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

Plaintiff initiated this action by filing a letter on May 9, 2011.  Dckt. No. 1.  On May 17, 2011, the court informed plaintiff that to proceed with this action he must file either a civil rights complaint or a petition for writ of habeas corpus using the applicable form provided by the court.  Dckt. No. 3.  The Clerk of the Court sent plaintiff a copy of each form.  *Id.*

On May 26, 2011, plaintiff filed a letter claiming to also file "supporting documents" for his case.  Dckt. No. 5.  On June 14, 2011, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, using the form provided by the court.  Dckt. No. 9.  On July 26, 2011, plaintiff filed a letter complaining of an "inexcusable delay of outgoing mail."  Dckt. No. 16.  On August 16, 2011, plaintiff filed another letter, addressing an "additional complaint" on jail employees.  Dckt. No. 18.

Plaintiff is hereby informed that he cannot proceed with this lawsuit in this manner.  Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  However, plaintiff may not amend and/or add to his complaint by filing letters and/or supplements.  Rather, if plaintiff wishes to amend his complaint, *see* Dckt. No. 9, he must file an amended complaint that is retyped or rewritten so that it is  is complete in itself without needing to reference to the prior complaint.  *See* E.D. Cal. Local Rule 220.

The court will grant plaintiff thirty days within which to file a single amended complaint using the proper form, and that names all defendants, and includes all allegations and claims that plaintiff wishes to pursue in the action.  Should plaintiff fail to do so, the court will screen the June 14, 2011 complaint pursuant to § 1915A, without reference to plaintiff's separately filed letters and supplements.

1  Accordingly, it hereby is ORDERED that:

2  1.  Plaintiff shall have 30 days from the date of this order to file an amended complaint
3  using the proper form, and which names all defendants, and includes all allegations and claims
4  that plaintiff wishes to pursue in the action.

5  2.  The Clerk of the Court shall send plaintiff the court's form for filing a prisoner civil
6  rights action.

7  Dated:  August 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3